289 F.3d 830
 CENTURY INDEMNITY COMPANY, as successor to CCI Insurance Company as successor to Insurance Company of North America, Plaintiff-Appellee,
v.
Peter O. STOLTZ; Brooke M. Stoltz, Defendants-Appellants, and
Golden Hills Builders, Incorporated, Defendant.
 No. 00-1766.
 United States Court of Appeals, Fourth Circuit.
 Argued February 28, 2001.
 Decided May 16, 2002.
 
 ARGUED: Richard Robert Gleissner, Finkel & Atlman, L.L.C., Columbia, South Carolina, for Appellants. John Robert Murphy, Murphy & Grantland, P.A., Columbia, South Carolina, for Appellee. ON BRIEF: Anthony W. Livoti, Murphy & Grantland, P.A., Columbia, South Carolina, for Appellee.
 Before WILKINS and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.
 Affirmed by published opinion. Senior Judge HAMILTON wrote the opinion, in which Judge WILKINS and Judge WILLIAMS joined.
 OPINION
 HAMILTON, Senior Circuit Judge.
 
 
 1
 Century Indemnity Company (Century) brought this declaratory judgment action against its insured, Golden Hills Builders, Inc. (Golden Hills Builders), a general contractor, and Peter and Brooke Stoltz (the Stoltzes), the owners of a home constructed by Golden Hills Builders. At issue was what coverage, if any, was afforded by a standard commercial general liability policy (the Policy) that Century's predecessor-in-interest had issued to Golden Hills Builders for a one-year period that began on December 7, 1989. Century sought a declaration that no coverage existed under the Policy for either: (1) the cost and expenses of repairs and replacement of the synthetic stucco exterior of the Stoltzes' home, which exterior a subcontractor of Golden Hills Builders allegedly constructed in a defective manner; or (2) the cost of repairs to the substrate and framing members of the Stoltzes' home, which repairs were necessitated by moisture damage caused by the alleged defective manner in which the home's synthetic stucco exterior was constructed. Century made a motion for summary judgment, which the district court granted in toto.
 
 
 2
 Golden Hills Builders did not appeal. However, the Stoltzes noted a timely appeal limited to that portion of the adverse judgment that addressed the lack of coverage for the damage to the substrate and framing members of their home. In order to resolve the Stoltzes' appeal, we certified four questions to the Supreme Court of South Carolina.[1] Century Indemnity Co. v. Stoltz, 248 F.3d 253 (4th Cir.2001).
 
 
 3
 The Supreme Court of South Carolina reformulated and answered three of those questions as follows:
 
 
 4
 [1] Does a standard commercial general liability insurance policy that explicitly provides coverage only for property damage occurring during the policy period provide coverage for continuing damage that begins during the policy period?... [Y]es.
 
 
 5
 * * *
 
 
 6
 [2] Is a general contractor's claim for the cost of repair to the substrate and framing of a house that was damaged by a subcontractor's improper installation of a stucco exterior precluded by a faulty workmanship exclusion? ... [Y]es.
 
 
 7
 * * *
 
 
 8
 [3] If the coverage is precluded by the faulty workmanship provision, is that coverage restored by a provision that provides coverage for damage arising from products-completed operations hazards? [No.]
 
 
 9
 Century Indemnity Co. v. Golden Hills Builders, Inc., 348 S.C. 559, 561 S.E.2d 355 (2002). The answers to these three questions require that we affirm the district court's grant of summary judgment in favor of Century with respect to the coverage issue presented in this appeal.[2]
 
 
 10
 
 AFFIRMED.
 
 
 
 
 Notes:
 
 
 [1]
 The parties agree that South Carolina law governs this diversity action
 
 
 [2]
 Given that its respective answers to the two certified questions labeled as numbers two and three above were dispositive of the coverage issue presented in this appeal, the Supreme Court of South Carolina declined to answer the remaining certified questionId. at 564 n. 3, 561 S.E.2d at 357 n. 3.